UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Barthelemy Peden
(A-Number: A-246-407-016),

Petitioner,

v.

Warden of the Detention Facility; Current or Acting Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement; Current or Acting Secretary of Homeland Security; and Current or Acting United States Attorney General,

Respondents.

No. 1:26-cv-05322-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Barthelemy Peden is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court has previously addressed the legal issues raised by the petition—that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

In reply to the petition, respondents provided documentation showing that petitioner was previously encountered by immigration officials and paroled into the United States. *See* Doc. 8 at 3–4. While respondents continue to maintain that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), they acknowledge that the Ninth Circuit rejected that position in *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026). *Id.* at 1.

Respondents also point to petitioner's prior criminal arrest, *id.* at 1, 11, but their documentation shows that the misdemeanor criminal charges against petitioner were dropped or abandoned, *see id.* at 11.

As respondents have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026), *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

The petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Barthelemy Peden (A-Number: A-246-407-016) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.